```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
STRAIGHT-OUT PROMOTIONS, LLC and CHRIS :
WEBB,                                  :
                                       :
                  Appellants,          :
                                       :    11 Civ. 5447 (DLC)
          v.                           :
                                       :
FRANK WARREN, EDWARD SIMONS, and R. TODD:
NEILSON,                               :
                                       :
                  Appellees.           :
---------------------------------------:
IN RE MICHAEL G. TYSON,                :    OPINION & ORDER
                                       :
                  Debtor.              :
-------------------------------------X
```

Appearances:

For Appellants Straight-Out Promotions, LLC and Chris Webb:
J. Bruce Miller
J. Bruce Miller Law Group
605 W. Main Street
Louisville, KY 40202

For Appellee Frank Warren:
Howard Karasik
Sherman, Citron & Karasik, P.C.
605 Third Avenue
New York, NY 10158

For Appellee Edward Simons:
Jethro M Eisenstein
Profeta & Eisenstein
14 Wall Street, 22nd Flr.
New York, NY 10005-2101

For Appellee R. Todd Neilson:
Beth E. Levine
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, L.L.P.
780 Third Avenue
36th Floor
New York, NY 10017-2024

DENISE COTE, District Judge:

Straight-Out Promotions, LLC ("Straight-Out") and its owner Chris Webb ("Webb") (collectively, the "Kentucky Defendants") appeal from a decision of the Honorable Allan L. Gropper, United States Bankruptcy Judge, denying their cross-claims against Frank Warren and Edwards Simons (collectively, the "UK Defendants"). See In re Michael G. Tyson, 2011 WL 1841881 (Bankr. S.D.N.Y. 2011) (the "Decision"). For the following reasons, the Decision is affirmed.

## BACKGROUND

This is the second time that this Court has had occasion to weigh in on this long-running dispute over the disposition of proceeds from a boxing match featuring bankruptcy debtor Mike Tyson ("Tyson"). See In re Michael G. Tyson, 433 B.R. 68 (S.D.N.Y. 2010). Familiarity with the relevant facts and procedural history is presumed.

The Bankruptcy Court made the following three rulings, amongst others, in its Decision of May 13, 2011:

1. The Kentucky Defendants' could not sustain a fraudulent inducement or fraudulent contracting claim against the UK Defendants because the Kentucky Defendants did not establish by clear or convincing evidence that their

reliance was reasonable or justifiable.  In re Tyson, 2011 WL 1841881, at *6.

2. The Kentucky Defendants could not amend their pleadings pursuant to Fed. R. Civ. P. 15(b)(2) and 54 to add a claim for fraudulent inducement because they elected to sue for breach of contract and because amendment would be futile.  Id. at *7.

3. Under principles of res judicata, the UK Defendants were not personally liable on a default judgment entered in favor of Straight-Out against Brearly International Ltd. ("Brearly") in the United States District Court for the Western District of Kentucky on December 16, 2008 (the "Kentucky Default Judgment").  Id. at *8.  See Straight-Out Promotions, LLC. V. Brearly (International) Ltd., No. 3:04-CV-473-H (W.D. Ky. filed Dec. 16, 2008).

Appellants filed their notice of appeal on August 5, 2011, objecting to each of these rulings.  The parties' briefs were fully submitted on November 15.


## DISCUSSION

The standard of review applicable to matters within core bankruptcy jurisdiction is governed by the Federal Rules of Bankruptcy Procedure.  It is undisputed that the proceedings at issue in this appeal fall within the core of the Bankruptcy

3

Court's jurisdiction.  On appeal, the court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see Solow v. Kalikow (In re Kalikow), 602 F.3d 82, 91 (2d Cir. 2010) (noting that "[f]indings of fact are reviewed for clear error").  Although the Bankruptcy Court's findings of fact "are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden," H & C Dev. Grp., Inc. v. Miner (In re Miner), 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999), and the reviewing court must be "left with the definite and firm conviction that a mistake has been made."  ASM Capital, LP v. Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009). Legal conclusions of the Bankruptcy Court, however, are "reviewed de novo."  Id.

I.  Viability of Appellants' Fraud Claims

The appellants cannot bring a viable claim of fraudulent inducement or fraudulent contracting because the Bankruptcy Court's factual determinations with respect to these claims were not clearly erroneous.  The parties agree that Kentucky law applies to these claims.  To succeed on a claim of fraudulent inducement or fraudulent contracting under Kentucky law, a party

4

must prove by clear and convincing evidence that, among other things, he or she relied on a material misrepresentation of the defendant.  Flegles, Inc. v. Truserve Corp., 289 S.W.3d 544, 549 (Ky. 2009).  Such reliance must be reasonable.  Id.  In other words, recipients of business representations have a duty "to exercise common sense."  Id.

The Bankruptcy Court determined that the Kentucky Defendants relied on material misrepresentations of the UK Defendants, but this reliance was not reasonable.  The court pointed to specific portions of the record indicating that it was "clearly and unequivocally communicated" to the Kentucky Defendants that the UK Defendants would not guarantee Brearly's obligations.  In re Tyson, 2011 WL 1841881, at *5.  The Bankruptcy Court found the record devoid of any evidence that the Kentucky Defendants "conducted any diligence on Brearly's financial or corporate status, or requested documentation supporting the claims made by the UK Defendants as to Brearly." Id.  It also found that the Kentucky Defendants' advisors communicated to the Kentucky Defendants the risks of dealing with an entity like Brearly, and that the Kentucky Defendants in fact understood these risks.  Id.

The appellants cite to a number of cases that, they claim, indicate that the Bankruptcy Court used a faulty "decision-making matrix" for determining the reasonableness of the

5

Kentucky Defendants' reliance.  Each of these cases is either supportive of the Bankruptcy Court's conclusions or inapposite.  In certain passages in <u>Sanford Construction Co. v. S & H Contractors, Inc.</u>, 443 S.W.2d 227 (Ky. 1969), for example, the Supreme Court of Kentucky discusses factors for determining a party's reliance, or lack thereof, on another party's misrepresentations.  <u>See, e.g.</u>, <u>id.</u> at 235 ("One is not entitled to relief on the ground of false representations where, instead of relying upon them, he relies on his own knowledge or resorts to other means of knowledge, as, for example, where he relies on his own judgment or investigations, on his own examination of the property involved, on the advice of other persons, or on information obtained from them.").  To the extent these passages touch on the reasonableness of such reliance, they do nothing to alter the relevant standard.  <u>See</u> <u>id.</u> at 234 ("In measuring the right to rely upon misrepresentations, every person must use <u>reasonable</u> diligence for his own protections." (citation omitted) (emphasis supplied)).

   The appellants point out that the law of Kentucky allows a party to recover damages for fraud if, after he has performed substantially on a contract, he discovers the fraud and completes performance.  <u>See</u> <u>id.</u> at 237.  They note that they did not discover the UK Defendants' material misrepresentations until after completing performance on the contract.  The fact

6

that a party may recover under such circumstances, however, does not mean that the Kentucky Defendants should recover here.  The Bankruptcy Court disposed of any fraud claims based on the wholly separate issue of reasonable reliance.

The appellants further argue that the "sophistication of the parties" is relevant to a fact-finder's determination of reasonable reliance, see, e.g., In re Carr, 49 B.R. 208, 211 (Bankr. W.D. Ky. 1985), and that Webb is less sophisticated than the plaintiffs in other actions in which reliance was found to be unreasonable.  The appellants claim that plaintiffs in such actions had greater access to information warning them of the risks of relying on defendants' representations.  The Bankruptcy Court considered the relative sophistication of the parties and the information available to the appellants and still concluded that, "[o]n the record as a whole," the appellants failed to establish reasonable reliance.  In re Tyson, 2011 WL 1841881, at *6.  Based on the record in this case, then, the Bankruptcy Court's conclusion was not clearly erroneous.

II.  Leave to Amend the Pleadings

The Bankruptcy Court did not abuse its discretion in denying the appellants leave to amend their pleadings to include fraud claims.  Pursuant to Rule 15(b)(2), "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised

in the pleadings."  Fed. R. Civ. P. 15(b)(2).  When justice requires, "leave to amend pleadings should be freely given." Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998) (citation omitted).  The trial judge has broad discretion in granting or denying leave to amend.  Factors relevant to the exercise of this discretion include:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.

Id. (citation omitted).  It would be futile to allow appellants to amend their pleadings to include fraud claims because the Bankruptcy Court determined, and this Court has confirmed, that such claims are not viable.  The Bankruptcy Court was therefore well within its discretion in denying leave to amend.

The appellants claim that they should be entitled to amend their pleadings because Kentucky law allows a party to bring both a fraudulent inducement claim and a breach of contract claim in the same action.  See, e.g., Davis v. Siemens Medical Solutions, USA, Inc., 399 F.Supp.2d 785, 800 (W.D. Ky. 2005); Corporex Realty & Inv. Corp. v. Raymond James & Assoc., Inc., No. 2:98-CV-14 (E.D. Ky. filed June 19, 2000).  In its Decision, the Bankruptcy Court came to the opposite conclusion on this point of law.  See In re Tyson, 2011 WL 1841881, at *2-3.  The

8

Bankruptcy Court, however, did not deny leave to amend solely based on this legal conclusion.  It resolved in the alternative that appellants would not have leave to amend <u>even if</u> Kentucky law allows both fraud claims and breach of contract claims in the same action, because its factual findings on reasonable reliance rendered the fraud claims unviable.  As discussed above, these factual findings were not clearly erroneous.  Therefore, regardless of the correct reading of Kentucky law on this issue, appellants cannot sustain a fraud claim and the Bankruptcy Court was not required to grant them leave to amend.

III.  The Kentucky Default Judgment

In the Kentucky Default Judgment, plaintiff Straight-Out was awarded a judgment of $4,154,492 against defendant Brearly for breach of contract after Brearly defaulted.  Under principles of res judicata, the UK Defendants are not personally liable on this judgment.

Federal common law governs the preclusive effect of prior judgments.  <u>Taylor v. Sturgell</u>, 553 U.S. 880, 891 (2008).  For judgments in diversity cases, such as the Kentucky Default Judgment, federal common law "incorporates the rules of preclusion applied by the State in which the rendering court sits."  <u>Id.</u> at n.4.  Thus, in determining the preclusive effect of the Kentucky Default Judgment, Kentucky law governs.

Res judicata "is basic to our legal system and stands for the principle that once the rights of the parties have been finally determined, litigation should end." Slone v. R. & S Mining, Inc., 74 S.W.3d 259, 261 (Ky. 2002). Kentucky law recognizes two "subparts" within the doctrine of res judicata: claim preclusion and issue preclusion. See Yeoman v. Com., Health Policy Bd., 983 S.W.2d 459, 646-65 (Ky. 1998). Claim preclusion bars "subsequent litigation of a cause of action which has previously been adjudicated." Id. at 483 n.2. Three elements must be met for claim preclusion to apply: (1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits. Id. at 465; Harrod v. Irvine, 283 S.W.3d 246, 250 (Ky. App. 2009).

Issue preclusion "prohibits issues which were adjudicated in a previous lawsuit from being relitigated in a subsequent lawsuit." Yeoman, 983 S.W.2d at 483 n.2. Unlike claim preclusion, issue preclusion may be asserted by "a person who was not a party to the former action nor in privity with such a person." Moore v. Commonwealth, 954 S.W.2d 317, 318 (Ky. 1997) (citation omitted). When deciding whether to apply issue preclusion, a court must inquire whether the judgment in the former action was rendered "under such conditions that the party against whom res judicata is pleaded had a realistically full

10

and fair opportunity to present his case." Id. (citation omitted). At least four elements must be met in order for issue preclusion to bar further litigation: (1) the issue in the second case must be the same as the issue in the first case; (2) the issue must have been actually litigated in the first case; (3) the issue must have been actually decided in the first case; and (4) the decision on the issue in the prior action must have been necessary to the court's judgment. Yeoman, 983 S.W.2d at 465 (citation omitted).

The UK Defendants are not liable on the Kentucky Default Judgment through either claim preclusion or issue preclusion. They are not liable through claim preclusion because there is no identity of parties between the current action and the action that led to the Kentucky Default Judgment (the "Kentucky Action"). The Kentucky Action involved only two parties, Straight-Out and Brearly. The UK Defendants were not named as parties in that action and did not appear in any capacity.

The UK Defendants are not liable through issue preclusion because no issues related to the UK Defendants' liability were actually litigated and decided in the Kentucky Action. The Kentucky Action involved breach of contract and unjust enrichment claims brought by Straight-Out against Brearly, a motion to dismiss for improper venue that was denied, and then, after Brearly subsequently failed to appear, a default judgment

11

against Brearly.  Appellants do not specify those "issues" allegedly litigated and decided in the action that would make the UK Defendants liable and on what legal theory.

The appellants argue that the UK Defendants should be liable on the Kentucky Judgment because they "assumed control" over the litigation in which the judgment was rendered, and because they are defending the current lawsuit as Brearly's agents.  Under federal common law, "a nonparty is bound by a judgment if she assumed control over the litigation in which that judgment was rendered."  Taylor, 553 U.S. at 895 (citation omitted).  Preclusion is also in order "when a person who did not participate in a litigation later brings suit as the designated representative of a person who was a party to the prior adjudication," and "when a nonparty later brings suit as an agent for a party who is bound by a judgment."  Id.

The appellants claim that Kentucky law recognizes similar rules for binding nonparties to a judgment.  They cite a number of cases applying Kentucky law that state exceptions to the rule that res judicata requires identity of parties. See Smith v. Bob Smith Chevrolet, Inc., 275 F. Supp. 2d 808 (W.D. Ky. 2003); J.S. Creech, et al. v. Jackson, 375 S.W.2d 679 (Ky. 1964); Montgomery v. Taylor-Green Gas Co., 206 S.W.2d 919 (Ky. 1947); Wolf & Sons v. New Zealand Ins. Co. et al., 58 S.W.2d 623 (Ky. 1933); Amburgey v. Adams, 245 S.W. 514 (Ky. 1922); Bassett v.

12

Bassett, 200 S.W. 915, 916 (Ky. 1918); Stone, et al. v. Winn, et al., 176 S.W. 933, 938 (Ky. 1915); Harris v. Harris, 176 S.W.2d 98 (Ky. App. 1943).  They also note that the Bankruptcy Court made a finding that "the UK Defendants completely controlled the legal defense that Brearly briefly interposed in the Kentucky Federal District Court before defaulting, and that they thereby acted as Brearly's proxy, agent or designated representative." In re Tyson, 2011 WL 1841881, at *8.

Even if Kentucky law mirrors federal common law on this issue, the appellants' argument fails because it does not distinguish between claim preclusion and issue preclusion.  None of the cases cited by the appellants stands for the proposition that res judicata allows the extension of a default judgment to impose liability on a person who was never a party to the litigation.  Rather, assumption of control over a party in prior litigation gives rise to preclusion of those issues that were actually litigated and decided.  It does not give rise to claim preclusion.  A party's "assumption of control does not make him a party to the litigation." Restatement (Second) of Judgments § 39 cmt. b (1982).  An individual cannot be precluded from litigating issues that could not have been decided in a prior action to which he was not a party simply because he assumed control over a party to that action.

The appellants also cannot take advantage of the "designated representative" or "agent" principles of res judicata. The UK Defendants have not brought claims in the Bankruptcy Court; they are defending against claims pleaded by others. Thus, it cannot be said that they are seeking to avoid the preclusive effect of the Kentucky Judgment by bringing suit in their own names or as the designated representatives of Brearly. Moreover, there is no evidence in the record that the UK Defendants are defending the present action as the designated representatives or agents of Brearly. "[A]n agent acts on the principal's behalf and is subject to the principal's control." Ernst & Young, LLP v. Clark, 323 S.W.3d 682, 694 (Ky. 2010). The substance of the appellants' submissions and the record as a whole support a finding that Brearly was subject to the control of the UK Defendants, not vice versa. To the extent the Bankruptcy Court concluded otherwise, this conclusion is clearly erroneous.

The appellants further argue that res judicata applies to a party in "privity" with a party bound by a prior judgment. See, e.g., Wolf & Sons, 58 S.W.2d at 624 ("In order to render a matter res judicata, among other things, there must be identity of parties or their privies.") (citation omitted). Under Kentucky law, the determination of those who are in privity with a named party "requires a careful examination into the

14

circumstances of each case." Montgomery, 206 S.W.2d at 261. Privity is not established, however, "from the mere fact that persons may happen to be interested in the same question or in proving the same state of facts, or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action." Id. Fundamental to a finding of privity is "the absolute identity of legal interest." BTC Leasing, Inc. v. Martin, 685 S.W.2d 191 (Ky. App. 1984). This is in order "to ensure that the interests of the party against whom res judicata has been asserted have been adequately represented by his purported privy at the initial trial of the cause of action." Id.

There is no absolute identity of legal interest between Brearly and the UK Defendants. Brearly, apparently, decided that it did not have an interest in defending itself in the Kentucky Action, or indeed in the proceedings before the Bankruptcy Court. The appellees, by contrast, have litigated the present action determinedly. And the UK Defendants' interests were not adequately represented in the Kentucky Action in light of Brearly's default. More to the point, appellants cite to no case in which an individual was held liable on a judgment to which he was not a party via claim preclusion simply because of his assumption control over a party to the judgment.

15

Kentucky law does not support such a rule.[1]

## CONCLUSION

The May 13, 2011 Decision of the Bankruptcy Court is affirmed. The appeal is dismissed, and the Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         February 6, 2012

                                       DENISE COTE
                           United States District Judge

---

[1] This is for good reason. A decision supporting such a rule would very likely violate the fundamental principle of due process whereby "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Hansberry v. Lee, 311 U.S. 32, 40 (1940).

16